SEALED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2012 MAR 20 PM 2:59
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMMED ALI YASSINE,<br>a/k/a "Steve Austin," a/k/a "Hammudih,"<br>▮▮▮▮▮▮▮▮▮▮▮ and<br>AMAR THABET ARAF,<br><br>Defendants. | § § § § § § § § § § § § § § | CRIMINAL NO.<br>A12CR 102 SS<br><br>INDICTMENT<br><br>[Violation: Count 1: Conspiracy to Distribute 500 Grams or More of Cocaine, 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) (All Defendants); and Count 2: Distribution of 500 Grams or More of Cocaine, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 (All Defendants)] |

THE GRAND JURY CHARGES:

### COUNT ONE
[21 U.S.C. §§ 846 and 841(a)(1), and 841(b)(1)(B)]

Beginning in or about December 2007, and continuing until on or about January 11, 2008, in Austin, within the Western District of Texas and elsewhere, Defendants,

**MOHAMMED ALI YASSINE, a/k/a "Steve Austin," a/k/a "Hammudih,"**
▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **and**
**AMAR THABET ARAF**

unlawfully, knowingly and willfully did combine, conspire, confederate, and agree with others known and unknown to distribute five hundred grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B).

## COUNT TWO
**[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2]**

On or about January 11, 2008, in Austin, within the Western District of Texas, the Defendants,

**MOHAMMED ALI YASSINE, a/k/a "Steve Austin," a/k/a "Hammudih,"**
**▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and**
**AMAR THABET ARAF**

aided and abetted by others known and unknown, knowingly distributed five hundred grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

### I.
### Criminal Forfeiture Statutes Relating to Drug Violations
[21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and subject to forfeiture pursuant to 21 U.S.C. § 853(a)(1) and (2). *See* Fed. R. Crim. P. 32.2]

As a result of the foregoing criminal violations as set forth in Counts One (1) and Two (2) of the indictment, which are punishable by imprisonment for more than one year, DEFENDANTS MOHAMMED ALI YASSINE, ███████████ and AMAR THABET ARAF shall forfeit all right, title, and interest in the below-described property to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), which state the following:

**21 U.S.C. § 853.**

(a) Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

This Notice of Demand of Forfeiture includes, but is not limited to, the property described in paragraph II:

### II.
### Money Judgment - $13,600.00

As a result of the foregoing criminal violations as set forth in Counts One (1) and Two (2) of the indictment, which are punishable by imprisonment for more than one year, DEFENDANTS MOHAMMED ALI YASSINE, ███████████ and AMAR THABET ARAF shall

forfeit all right, title, and interest to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), the following described Money Judgment of Forfeiture:

> A sum of money equal to thirteen thousand six hundred dollars in United States currency ($13,600.00), which represents property used in the above-described offenses and/or property constituting the proceeds of the above-described offenses and for which DEFENDANTS MOHAMMED ALI YASSINE, ▬▬▬▬ ▬▬▬▬, and AMAR THABET ARAF are jointly and severally liable.

### III.
### Substitute Assets

If the money judgments described in paragraph II, as a result of any act or omission of **DEFENDANTS MOHAMMED ALI YASSINE,** ▬▬▬▬▬▬▬▬▬**, and AMAR THABET ARAF**:

> a. cannot be located upon the exercise of due diligence;
> b. has been transferred or sold to, or deposited with, a third person;
> c. has been placed beyond the jurisdiction of the Court;
> d. has been substantially diminished in value; or
> e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek the forfeiture of any other property owned by said defendants up to the value of the money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

*ORIGINAL SIGNATURE REDACTED PURSUANT TO E-GOVERNMENT ACT OF 2002*

JOHN E. MURPHY
ATTORNEY FOR THE UNITED STATES,
ACTING UNDER AUTHORITY CONFERRED BY 28 U.S.C. §515

By: _____
    GREGG N. SOFER